T.C. Summary Opinion 2001-46

UNITED STATES TAX COURT

RICHARD W. WATERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5578-99S.                    Filed April 3, 2001.

<u>Bradley S. Shannon</u> and John Howell, for petitioner.

<u>Paul K. Voelker</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined a deficiency of $10,894 in

_____

[1]    Unless otherwise indicated, section references
hereafter are to the Internal Revenue Code in effect for the year
at issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

petitioner's Federal income tax for 1995.

The sole issue for decision is whether certain amounts received by petitioner from his former employer during 1995 in connection with the settlement of a class action against his former employer are excludable from gross income under section 104(a)(2). At trial, the parties conceded certain amounts, and those concessions are noted hereafter.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner was a legal resident of Las Vegas, Nevada.

Petitioner was an employee of PayLess Drug Stores Northwest, Inc. (PayLess), from approximately 1986 to 1993. He started his employment with PayLess as a temporary employee at Big Spring, Texas, doing building maintenance. He later was employed by PayLess on a permanent basis as a shipping and receiving clerk. After approximately 1 year, he was promoted to supervisor for approximately 2-3 years, then as a floor manager for 3 years. After that, petitioner worked approximately 9 months opening new stores and closing old stores. Following that, PayLess sold its remaining stores in Texas and Oklahoma, and petitioner was offered a position with PayLess as a supervisor at Las Vegas, Nevada, which he accepted. Petitioner's employment with PayLess terminated in 1993. The record does not reflect the reasons for

the termination of petitioner's employment.

On March 16, 1993, an action was filed in the U.S. District Court for the District of Iowa against PayLess by three of its former employees for themselves and on behalf of other present and former employees of PayLess. The complaint alleged that the purpose of the action was to recover on behalf of the class of employees unpaid overtime compensation, liquidated damages, attorney's fees, and costs under section 16(b) of the Fair Labor Standards Act of 1938, ch. 676, 52 Stat. 1069, currently codified at 29 U.S.C. secs. 201-209 (1994). Petitioner was not one of the plaintiffs instituting the action; however, petitioner qualified for participation as a member of the class of employees for whom the action was filed. Petitioner never elected to be excluded from the class, nor did petitioner ever claim or institute any separate action against PayLess. The class action did not proceed to trial but was settled. PayLess agreed to pay $5 million for the benefit of all qualifying members of the class, including petitioner. As part of the settlement, the plaintiffs in the class action executed a written Settlement Agreement and Release (the Settlement Agreement) effective January 25, 1995, in consideration for payment of the $5 million by PayLess. The Settlement Agreement included a release by the plaintiffs of PayLess that was embodied as section 3 and provided in pertinent part:

the * * * Plaintiffs * * * hereby release and discharge PayLess * * * from all actions, claims, or demands for damages, liabilities, costs, or expenses, which the Plaintiffs * * * have against PayLess on account of, or in any way arising out of the claims that were asserted or that could have been asserted in the Lawsuit by the Plaintiffs * * * including, but not limited to, claims for personal injuries, intentional infliction of emotional distress, negligent infliction of emotional distress, and from all known claims, whether based on tort, statute or contract, which are based in whole or in part, or arise out of, or in any way relate to: (1) the Lawsuit; and (2) anything done or allegedly done by PayLess arising out of, or in conjunction with or relating to, the employment of any and/or all Plaintiffs * * * by PayLess.

The Settlement Agreement additionally included section 8, entitled Liability Denial and Basis For Settlement, which provided:

PayLess denies any liability on its part and enters into this agreement solely to avoid litigation and to buy its peace. All Settlement Proceeds are paid to Plaintiffs on account of personal injuries. This Settlement Agreement and the releases contained herein settle and resolve all claims which have to this point been contested and denied by the parties, as well as all other claims released by paragraphs 3 and 4 of this Settlement Agreement. None of the provisions of this Settlement Agreement and nothing contained in this Settlement Agreement shall be construed as an admission of any liability whatsoever by any party hereto to any other party hereto.

As a member of the class of former employees of PayLess, petitioner received the following amounts out of the $5 million settlement:

| | |
|---|---:|
| Back wages | $14,116.97 |
| Compensation for participation in the class action | 6,000.00 |
| Liquidated damages | 32,858.21 |
| Total | $52,975.18 |

Petitioner's share of attorney's fees and costs amounted to $18,292.33; consequently, petitioner received a net payment of $34,682.85 during 1995. As a condition for settlement, petitioner executed an Individual Certification and Release in which he acknowledged receipt of documents regarding settlement of the class action, acknowledged receiving a copy of the Settlement Agreement that was incorporated by reference as part of his release, expressly affirmed "the authority of the named Plaintiffs to release my claims and settle the Lawsuit", and individually released PayLess in paragraph 8 of the release that provided, in pertinent part:

> In exchange for the payment of the amount * * * [to petitioner] I hereby release and discharge PayLess * * * from all actions, claims, or demands for damages, liabilities, costs, or expenses, which the Plaintiffs, individually or collectively, have against PayLess on account of, or in any way arising out [of] the claims that were asserted or that could have been asserted in the Lawsuit by the Plaintiffs, which Lawsuit is hereby acknowledged as not fully plead, further including, but not limited to, claims for personal injuries, intentional infliction of emotional distress, negligent infliction of emotional distress, and from all known claims, whether based on tort, statute or contract, which are based in whole or in part, or arise out of, or in any way relate to: (1) the Lawsuit; and (2) anything done or allegedly done by PayLess arising out of, or in conjunction with or relating to, the employment of any and/or all Plaintiffs prior to November 1, 1992 by PayLess.

On his 1995 Federal income tax return, petitioner did not include in gross income any of the amounts received by him in settlement of the class action. Petitioner claimed the standard deduction under section 63(c). In the notice of deficiency, respondent determined that the entire amount of $52,975 allocated to petitioner in the settlement constituted gross income and that petitioner was entitled to an itemized deduction of $18,292 for the attorney's fees and costs allocable to petitioner. Because petitioner had claimed the standard deduction, respondent disallowed the standard deduction and substituted that with an allowed itemized deduction of $18,292. At trial, respondent conceded that petitioner was entitled to an additional itemized deduction of $2,222 for charitable contributions. Petitioner conceded that $6,000 of his award as compensation for participation in the class action constituted gross income. Petitioner, however, challenged the back pay of $14,116.97 and the liquidated damages of $32,858.21.[2]

Petitioner contends that the amount he received in the

---

[2] Petitioner has not challenged respondent's inclusion of the $18,292 for attorney's fees in gross income and allowance of that amount as an itemized deduction. The $18,292 in attorney's fees is subject to the 2-percent limitation under sec. 67(a). See Miller v. Commissioner, T.C. Memo. 2001-55; Benci-Woodward v. Commissioner, 219 F.3d 941 (9th Cir. 2000).

settlement represented damages to him for a racial discrimination claim he had against PayLess, and the Settlement Agreement was broad enough to include such claim. Petitioner contends that throughout the period he was employed by PayLess, from 1986 to 1993, he was subjected to racial discrimination, which he discussed with his superiors at PayLess. Petitioner alleges that, although no suit was filed by petitioner against PayLess (including one for racial discrimination), petitioner discussed the matter with the attorneys representing plaintiffs in the class action. However, no action was taken by these attorneys to assert a racial discrimination claim in the class action, and there is no evidence that the matter was ever taken up with the opposing attorneys who represented PayLess. Nevertheless, petitioner contends that the proceeds from the class settlement constituted damages for personal injuries; i.e., resulting from racial discrimination practices by PayLess, relying on Rev. Rul. 1993-88, 1993-2 C.B. 61;[3] Metzger v. Commissioner, 88 T.C. 834 (1987), affd. 845 F.2d 1013 (3d Cir. 1988); Morabito v.

---

[3] Rev. Rul. 93-88, 1993-2 C.B. 61, provides that compensatory damages, including back pay, received in satisfaction of a claim of racial discrimination under 42 U.S.C. sec. 1981 and Title VII of the Civil Rights Act of 1964 are excludable from gross income as damages for personal injury under sec. 104(a)(2). In Rev. Rul. 96-65, 1996-2 C.B. 6, Rev. Rul. 93-88 was declared obsolete prospectively from June 14, 1995. Petitioner's payment was received by him prior to June 14, 1995.

<u>Commissioner</u>, T.C. Memo. 1997-315.  Petitioner also relies on section 8 of the Settlement Agreement that states that "all settlement proceeds are paid to plaintiffs on account of personal injuries".

Section 104(a)(2) provides that gross income does not include "the amount of any damages received (whether by suit or agreement* * *) on account of personal injuries or sickness".  Under section 1.104-1(c), Income Tax Regs., "damages" means a recovery "based upon tort or tort type rights".  See also <u>Commissioner v. Schleier</u>, 515 U.S. 323 (1995).  While personal injuries, under section 104(a)(2), may generally include both physical as well as nonphysical emotional injuries, such as "pain and suffering, emotional distress, harm to reputation, or other consequential damages (e.g., a ruined credit rating)", the Supreme Court has distinguished such personal injuries from "legal injuries of an economic character" such as those arising out of the unlawful deprivation of the opportunity to earn wages through a wrongful termination.  <u>United States v. Burke</u>, 504 U.S. 229, 239, 245 (1992).  Damages received for lost wages in connection with the settlement of economic rights, such as those arising out of a breach of contract, are not excludable from income under section 104(a)(2).  See <u>Robinson v. Commissioner</u>, 102 T.C. 116, 126 (1994), affd. in part, revd. in part on another

issue 70 F.3d 34 (5th Cir. 1995).

Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Thus, in order to exclude damages from gross income pursuant to section 104(a)(2), the taxpayer must prove: (1) The underlying cause of action is "based upon tort or tort type rights", and (2) the damages were received "on account of personal injuries or sickness". Commissioner v. Schleier, supra at 336-337.

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable from gross income under section 104(a)(2). See United States v. Burke, 504 U.S. 229, 237 (1992). The crucial question is "in lieu of what was the settlement amount paid." Bagley v. Commissioner, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997). Determining the nature of the claim is a factual inquiry. See Robinson v. Commissioner, 102 T.C. 116, 127 (1994), affd. in part, revd. in part, and remanded 70 F.3d 34 (5th Cir. 1995).

Here, the complaint in the class action was exclusively for

recovery of "overtime compensation, liquidated damages, attorney fees and costs" under the Fair Labor Standards Act of 1938. Nowhere in the complaint or in the Settlement Agreement is there any reference to or any indication that the recovery included damages for racial discrimination. Moreover, the record satisfies the Court that petitioner's claim to racial discrimination practices against him was not called to the attention of PayLess or its attorneys in connection with the class action. Since there was no claim made for such injury by petitioner, the rhetorical question posed in Bagley v. Commissioner, supra, is that whatever the settlement was for, it certainly was not for personal injuries attributable to racial discrimination practices. Petitioner's reliance on Rev. Rul. 1993-88, therefore, is misplaced.[4] Moreover, the general language relied on by petitioner in the Settlement Agreement that "all settlement proceeds are paid to plaintiffs on account of personal injuries" is inconsistent with the other provisions of the agreement that quite clearly indicate and establish that the settlement was intended to satisfy the claims made in the class

---

[4] The Court notes further that revenue rulings do not have the force of law and are merely statements of the Commissioner's litigating and administrative position. See Dixon v. United States, 381 U.S. 68, 73 (1965); Stubbs, Overbeck & Associates v. United States, 445 F.2d 1142, 1146-1147 (5th Cir. 1971).

action.  Such language relied on by petitioner in the Settlement Agreement, therefore, can be ignored.  See Peaco v. Commissioner, T.C. Memo. 2000-122.  The Court, therefore, holds that the amounts awarded to petitioner for back pay and liquidated damages under the Fair Labor Standards Act as part of the class action constitute gross income and are not excludable under section 104(a)(2).  See Commissioner v. Schleier, supra.  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
under Rule 155.